72. This provision explicitly violates *N.J.S.A.* 56:12-16 in that it states that certain provisions may be unenforceable or inapplicable, without specifying whether the provision is or is not unenforceable and/or inapplicable in New Jersey.

73. Further, the "Terms of Use" contains additional language stating that "this provision will not apply if a tribunal with applicable jurisdiction finds such to be unconscionable."

74. Again, Defendants set forth provisions that "may be void, unenforceable or inapplicable" without specifying whether these provisions are or are not unenforceable or inapplicable within New Jersey.

75. These provisions thus violate TCCWNA, namely, *N.J.S.A.* 56:12-16.

<h3 style="text-align:center">CLASS ACTION ALLEGATIONS</h3>

76. Plaintiff brings this class action pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all members of the following Class:

> **All individuals in the State of New Jersey to whom were offered, given, displayed or entered into the "Terms of Use" on Defendant's website, www.lushusa.com, during the applicable statute of limitations through the date of final judgment in this action.**

77. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment.

78. Specifically excluded from the proposed Class is Defendant, its officers, directors, and employees. Also excluded from the proposed Class is the Court, the Court's immediate family and Court staff.

<h3 style="text-align:center">FRCP 23(a) Factors</h3>

79. **Numerosity.** Membership in the Class is so numerous that separate joinder of each member is impracticable. The precise number of Class Members is unknown at this time but can

be readily determined from Defendant's records.  Plaintiff reasonably estimates that there are thousands of persons in the Class.

80.    **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained counsel highly experienced in complex consumer class action litigation and intends to prosecute this action vigorously. Plaintiff is a member of the Class described herein and does not have interests antagonistic to, or in conflict with, the other members of the Class.

81.    **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class purchased goods and/or services from Defendant's website, www.lushusa.com, and were subjected to the illegal and predatory exculpatory provisions on that website.

82.    ***Existence and Predominance of Common Questions of Law and Fact.***  There are central and substantial questions of law and fact common to all Class Members that control this litigation and predominate over any individual issues.  Included within the common questions are the following:

a)    Whether Defendant includes on its website, www.lushusa.com, a contract entitled "Terms of Use" that includes a provision entitled "LIMITATIONS OF OUR LIABILITY";

b)    Whether the "LIMITATIONS OF OUR LIABILITY" provision of Defendant's "Terms of Use" contains exculpatory language which purports to disclaim liability for virtually any claim under tort or negligence or otherwise arising from their purchase of goods or services from the website, and purportedly absolves

Defendant from any liability for intentional tortious conduct and from any liability for dangerous or substandard products;

c)  Whether the purportedly exculpatory language in the "LIMITATIONS OF OUR LIABILITY" provision of Defendant's "Terms of Use" violates New Jersey statutory and common law;

d)  Whether the purportedly exculpatory language in the "LIMITATIONS OF OUR LIABILITY" provision of Defendant's "Terms of Use" violates New Jersey's TCCWNA, *N.J.S.A.* 56:12-15 and *N.J.S.A.* 56:12-16.

e)  Whether the "Indemnity" language in Defendant's "Terms of Use" violates New Jersey statutory and common law;

f)  Whether the "Indemnity" language in Defendant's "Terms of Use" violates New Jersey's TCCWNA, *N.J.S.A.* 56:12-15;

g)  Whether the failure to identify which provisions are void, unenforceable or inapplicable in New Jersey violates New Jersey TCCWNA, *N.J.S.A.* 56:12-16;

h)  Whether the Class is entitled to relief pursuant to *N.J.S.A.* 56:12-17, terminating the "LIMITATIONS OF OUR LIABILITY" and "Indemnity" provisions contained in Defendant's "Terms of Use";

i)  Whether Plaintiff and Class Members are entitled to a civil penalty of not less than $100 for each violation of the TCCWNA pursuant to *N.J.S.A.* 56:12-17;

j)  Whether Plaintiff and Class Members are entitled, pursuant to *N.J.S.A.* 56:12-17, to reasonable attorneys' fees and court costs, and in what amount; and

k)  Whether Plaintiff and Class Members are entitled to declaratory and/or other equitable relief.

## FRCP 23(b)(2)

83.     Defendant has acted on grounds generally applicable to the entire Class, thereby warranting final relief pursuant to *N.J.S.A.* 56:12-17, whereby the above-referenced language in the "LIMITATIONS OF OUR LIABILITY" and "Indemnity" provisions of the "Terms of Use" would be terminated, which would be appropriate with respect to the Class as a whole.   The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

84.     Relief under *N.J.S.A.* 56:12-17, whereby the above-referenced language in the "LIMITATIONS OF OUR LIABILITY" and "Indemnity" provisions of the "Terms of Use" would be terminated, is necessary to prevent further predatory and illegal business practices by Defendant.   Money damages alone will not afford adequate and complete relief, and the relief sought is necessary to restrain Defendant from continuing to commit its predatory and illegal policies.

## FRCP 23(b)(3)

85.     **Common Issues Predominate:** As set forth in detail herein above, common issues of fact and law predominate because all of Plaintiff's TCCWNA claims are based on a common course of conduct. Whether the above-referenced language in Defendant's "LIMITATIONS OF OUR LIABILITY," "Indemnity" provisions contained in its "Terms of Use" imposes illegal burdens on consumers is an issue common to all members of the Class and is the predominant issue, and Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

86.    **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a)  Given the size of the claims of individual Class Members, as well as the resources of Defendant, few, if any, could afford to seek legal redress individually for the wrongs alleged herein;

b)  This action will permit an orderly and expeditious administration of the claims of Class Members, will foster economies of time, effort and expense, and will ensure uniformity of decisions;

c)  Any interest of Class Members in individually controlling the prosecution of separate actions is not practical, creates the potential for inconsistent or contradictory judgments, and would create a burden on the court system;

d)  Without a class action, Class Members will continue to suffer as a consequence of Defendant's illegal and predatory conduct, Defendant's violations of law will proceed without remedy, and Defendant will continue to reap and retain the substantial proceeds derived from its wrongful and unlawful conduct. Plaintiff and the Classes are entitled to appropriate civil penalties. This action presents no difficulties that will impede its management by the Court as a class action.

87.    Certification is also warranted under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final relief pursuant to *N.J.S.A.* 56:12-17 appropriate with respect to the Class as a whole.

## CLAIM FOR RELIEF

Based on the foregoing allegations, Plaintiffs' claims for relief include the following:

<u>COUNT I</u>
**Violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act
("TCCWNA")
*N.J.S.A.* 56:12-15**

88.     Plaintiff hereby incorporates by reference each of the preceding and subsequent paragraphs of this complaint as though fully set forth herein.

89.     The TCCWNA declares "No seller ... shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller ... as established by State or Federal Law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed." *N.J.S.A.* 56:12-15.

90.     Defendant is a "seller" within the meaning of *N.J.S.A.* 56:12-15.

91.     Plaintiff is a "consumer" as contemplated by *N.J.S.A.* 56:12-15.

92.     Defendant's "Terms of Use" constitute a consumer contract displayed and/or offered by seller to consumers.

93.     The "Terms of Use," as detailed above, include provisions that purport to violate the legal rights of consumers and/or responsibility of the seller.

94.     First, Defendant has included on its website, www.lushusa.com, language in the "LIMITATIONS OF OUR LIABILITY" and "Indemnity" provisions of the "Terms of Use" that purports to disclaim liability for virtually any claim under tort or negligence or otherwise arising from their use of the website and/or purchase of goods or services from the website.

95.     Such exculpatory provisions are disfavored by New Jersey law because "they undermine one purpose of tort law, which is to deter careless behavior by a party in the best position to prevent injuries in the first place." *See, Martinez-Santiago, supra,* 38 F.Supp.3d at

512-13.  Moreover, this provision purports to deprive Plaintiffs of their right to a cause of action for damages suffered as a result of any unreasonable risk of harm created by Defendant.  Likewise, the provision purports to absolve Defendant of its legal responsibility to exercise due care and refrain from creating an unreasonable risk of harm to consumers.  Such a provision is contrary to well-established principles of common law and contrary to the TCCWNA.

96.     In addition, these Terms of Use purport to absolve Defendant of its responsibility to manufacture and/or sell a safe product.  Likewise, the Terms of Use purport to bar Plaintiffs from asserting a claim under the NJPLA for injuries suffered as a result of Defendant's dangerous products.  The Terms of Use are contrary to the NJPLA and defies the Legislature's intent in attempting to address the "urgent need" to protect consumers from dangerous products.  *See* N.J.S.A 2A:58C-1.  Notwithstanding the chilling effect on the marketplace as a whole were this provision to be found lawful, this provision defies the clear language of the NJPLA and thus violates the TCCWNA.

97.     Further, the "Terms of Use" purport to absolve Defendant of its duty as a business to protect consumers and prospective consumers from the illegal acts of third parties.  Defendant has a duty under the common law, *N.J.S.A.* 56:8-161, *et seq* and various Federal Regulatory Standards to protect customers from the illegal acts of third parties. *See Butler, supra* 89 *N.J.* 284 (business owner has a duty to protect against third-party criminal acts since, "the business invitor is in the best position to provide either warnings or adequate protection for its patrons . . . [and] the public interest lies in providing a reasonably safe place for a patron to shop[.]"); *Wyndham Worldwide Corp.,* 10 *F.Supp.3d* 608-09 (Plaintiff had cause of action against online business since substandard internet security measures were cause in fact of plaintiffs' injuries – despite intervening acts of third-party hackers.); *N.J.S.A.* 56:8-163.

98.     Defendant purports to do away with its responsibility to take reasonable steps to ensure security measures are in place to protect Plaintiffs and their personal information from the criminal acts of third-party hackers.  Likewise, Defendant purports to deny Plaintiffs' their legal right to pursue a cause of action against Defendants for their failure to take basic reasonable steps required under the common law, *N.J.S.A.* 56:8-161, *et al.* and applicable regulatory schemes.  This provision is unlawful and violates the TCCWNA.

99.     Moreover, the "Terms of Use" purport to bar Plaintiffs from seeking punitive damages for any and all harm caused by Defendant, even if the circumstances leading to harm "were foreseeable and . . . [Defendant] w[as] advised of or should have known of the possibility of such losses or damages[.]"  Such a provision is contrary to the NJPDA.  This provision purports to absolve Defendant of its legal obligation to refrain from maliciously and/or with wanton disregard and/or willfulness, creating an unreasonable risk of harm to consumers and prospective consumers.    Likewise, the provision purports to bar Plaintiffs who adequately plead and demonstrate punitive damages from pursuing same.  This provision violates the TCCWNA.

100.    Also, the Terms of Use purport to bar Plaintiffs from exercising their legal rights under the U.C.C. and dually purport to absolve Defendant of its legal duty to refrain from causing economic damage and/or property damage to consumers and prospective consumers.    By purporting to bar Plaintiffs from seeking damages, whether in tort or in contract, Defendant violates the TCCWNA.

101.    The "Terms of Use," namely Defendant's "Indemnity" provision requires Plaintiff and Class Members to indemnify and hold harmless Defendant and its personnel and affiliates from a vast array of claims and liabilities that essentially involve all conceivable claims that could

arise against Defendant. By purporting to require such indemnity from Plaintiffs, Defendant violates the TCCWNA.

102. Lastly, Defendant's purport to limit the time period in which Plaintiffs can pursue a claim against Defendants to a period of one-year. Namely, Defendant's state, "if you...want to assert a dispute...then you...must commence it...within one (1) year after the dispute arises – or it will be forever barred."

103. This provision is contrary to well established law permitting Plaintiffs to file suit for consumer harm related actions well beyond the one-year period set forth in Defendant's terms.

104. Since this provision purports to deprive Plaintiffs' of their legal right to pursue claims against the Defendants past the one-year period, this provision violates the TCCWNA.

105. Pursuant to *N.J.S.A.* 56:12-17, Plaintiff and the Class are entitled to (a) a civil penalty of not less than $100, payable to Plaintiff and each Class Member, for each violation of the TCCWNA; and (b) reasonable attorneys' fees and court costs.

106. Plaintiff reserves the right to identify additional provisions of the law violated by Defendant as further investigation and discovery warrant.

## COUNT II
### Violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA") *N.J.S.A.* 56:12-16

107. Plaintiff hereby incorporates by reference each of the preceding and subsequent paragraphs of this complaint as though fully set forth herein.

108. The TCCWNA declares "No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey; provided however, that this shall not apply to warranties." *N.J.S.A.* 56:12-16.

109.   The "Terms of Use" constitute a consumer contract displayed and/or offered by seller to consumers and/or prospective consumers as described in *N.J.S.A.* 56:12-1, as agreement to the terms are required to complete the transaction and/or continue using Defendant's website.

110.   Defendant has included in its "Terms of Use" language stating that "some jurisdictions do not allow the exclusion or limitation of incidental or consequential damages…so the above limitation or exclusion may not apply to you."

111.   Further, Defendant also states in its "Terms of Use" language stating that "this provision will not apply if a tribunal with applicable jurisdiction finds such to be unconscionable."

112.   Such provisions are not a warranty as they are not a guarantee or promise providing assurance to either party.

113.   Accordingly, these terms are unlawful under *N.J.S.A.* 56:12-16 in that they state certain provisions are unenforceable and/or inapplicable in certain jurisdictions without specifying whether the provisions are unenforceable and/or inapplicable in New Jersey.

114.   Pursuant to *N.J.S.A.* 56:12-17, Plaintiff and the Class are entitled to (a) a civil penalty of not less than $100, payable to Plaintiff and each Class Member, for each violation of the TCCWNA; and (b) reasonable attorneys' fees and court costs.

115.   Plaintiff reserves the right to identify additional provisions of the law violated by Defendant as further investigation and discovery warrant.

## DEMAND/PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and members of the Class defined herein, prays for judgment and relief as follows:

A.   An Order certifying that this action may be maintained as a class action;

B.      Judgment awarding to Plaintiff and Class Members not less than $100 for each violation of the TCCWNA;

C.      An Order terminating the above-referenced language in the "LIMITATIONS OF OUR LIABILITY" and "Indemnity" provisions of the "Terms of Use" set forth on Defendant's website, www.lushusa.com, and ordering Defendant to remove said terms from its website;

D.      Plaintiff's reasonable attorneys' fees and court costs; and

E.      Such other and further relief as the Court may deem necessary and appropriate.

**JURY DEMAND**

Plaintiff and Class Members, pursuant to Fed. R Civ. P. 38(b), hereby demand trial by jury.

Respectfully submitted,
**CLARK LAW FIRM, PC**

By:          /s/
        _____
        **GERALD H. CLARK, ESQ.**

        Gerald H. Clark, Esq. NJ Bar No.048281997
        Mark W. Morris, Esq. NJ Bar No. 118292015
        Lazaro Berenguer, Esq. NJ Bar No. 042352013
        811 Sixteenth Avenue
        Belmar, New Jersey 07719
        Phone: (732) 443-0333
        Fax (732) 894-9647
        Fax: (504) 524-5763

        Scott J. Ferrell, Esq. (*PHV Pending*)
        Victoria Knowles, Esq. (*PHV Pending*)
        Newport Trial Group
        4100 Newport Place, Suite 800
        Newport Beach, CA 92660
        Phone: (949) 706-6464
        Fax: (949) 706-6469

        *Attorneys for Plaintiff*

Dated: March 18, 2016